IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONALD E. BENNETT, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | Jury Trial Demanded |
| | : | |
| CARDINAL GROUP | : | |
| MANAGEMENT AND | : | |
| ADVISORY, LLC, | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Donald E. Bennett ("Bennett"), pursuant to Fed. R. Civ. P. 7, brings this Complaint against Defendant Cardinal Group Management and Advisory, LLC ("Cardinal") and shows the Court as follows:

### INTRODUCTION

1.

This is a wage and hour case. Bennett brings this action because Cardinal misclassified his position as exempt from the overtime pay provisions of the Fair Labor Standards Acts ("FLSA") and failed to properly compensate him for overtime hours he worked.

## JURISDICTION AND VENUE

2.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b), 28 U.S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

3.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because Cardinal is located in this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

## THE PARTIES

4.

Bennett resides in Clayton County, Georgia.

5.

Cardinal is a corporation organized under the laws of the State of Delaware. Georgia.

6.

Cardinal is subject to the personal jurisdiction of this Court.

7.

At all times relevant hereto, Cardinal has operated an apartment complex located at 800 W Marietta Street, NW, Atlanta, Georgia 30302 known as "Westmar".

8.

Westmar markets to college students at various educational institutions in Atlanta.

9.

Cardinal employed Bennett as a Maintenance Team Leader at Westmar from September 1, 2010 until January 9, 2015.

10.

At all times material hereto, Bennett was an "employee" of Cardinal as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

11.

At all times material hereto, Cardinal has been an "employer" of Bennett as defined in FLSA § 3(d), 29 U.S.C. §203(d).

12.

Cardinal may be served with process through its registered agent Corporation Service Company, 40 Technology Parkway South, #300, Norcross, Georgia 30092.

**Enterprise Coverage:**

13.

From on or about July 2012 until January 9, 2015, Bennett has been "engaged in commerce" as an employee of Cardinal as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

14.

From on or about July 2012 until January 9, 2015, Cardinal was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

15.

During 2012, Cardinal had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

16.

During 2013, Cardinal had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

17.

During 2014, Cardinal had two or more "employees" engaged in the "production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A).

18.

During 2015, Cardinal had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

19.

During 2012, Cardinal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

20.

During 2013, Cardinal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

21.

During 2014, Cardinal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

22.

During 2015, Cardinal had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

23.

At all times material hereto, Cardinal has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

24.

At all times material hereto, Bennett was not exempt from the maximum hour requirements of the FLSA by reason of any lawful exemption.

25.

At all times material hereto, Bennett was not exempt from the maximum hour requirements of the FLSA by reason of any exemption set forth in 29 USC § 213.

26.

At all times material hereto, Cardinal did not employ Bennett in a bona fide professional capacity within the meaning of 29 USC § 213 (a).

27.

At all times material hereto, Cardinal did not employ Bennett in a bona fide administrative capacity within the meaning of 29 USC § 213 (a).

28.

At all times material hereto, Cardinal did not employ Bennett in a bona fide executive capacity within the meaning of 29 USC § 213 (a).

29.

At all times material hereto, Cardinal  did not employ Bennett in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a).

30.

During the relevant time period, Bennett did not exercise substantial discretion or make significant business decisions on behalf of Cardinal.

31.

During the relevant time period, Bennett did not exercise substantial discretion or make significant business decisions on behalf of Cardinal's customers

32.

At all times material hereto, Bennett was supervised by a Cardinal employee holding the position of Property Manager.

33.

At all times material hereto, Bennett received work orders from a Property Manager.

34.

At all times material hereto, a Property Manager supervised the work Bennett performed on behalf of Cardinal.

35.

During the relevant time period, Bennett's primary duty was the performance of maintenance work on behalf of Cardinal.

36.

At all times relevant Bennett's primary duty included inspecting units, repairing units as needed, completing work orders as assigned and preparing units for rental.

37.

During the relevant time period, Bennett's duties also included:

      a)  trash pick-up and removal,

      b)  building maintenance,

      c)  pool maintenance,

      d)  service, repair and replacement of apartment appliances and fixtures,

      e)  assistance to managers and contractors as requested,

      f)  AC filters replacement,

      g)  painting,

      h)  plumbing,

      i)  electrical work, and

      j)  carpentry

38.

Bennett's discretion is making decisions was limited and circumscribed by the policies and procedures set out by Cardinal and its clients.

Page 8

39.

Bennett's primary duty was not exempt from the FLSA's maximum hours requirements.

40.

At all times material hereto, Cardinal classified Bennett as an employee who was exempt from the FLSA's maximum hours requirements.

41.

At all times material hereto, Cardinal misclassified Bennett as an employee who was exempt from the FLSA's maximum hours requirements.

42.

At all times material hereto, Cardinal compensated Bennett through payment of a salary.

43.

At all times material hereto, Bennett regularly worked in excess of forty hours each work week.

44.

Due to the nature of Cardinal's market, it experiences three seasonally busy periods known as "turns".

45.

"Turns" describe the periods at the end of an academic term, during which residents vacate the rooms they rented at Westmar during the term.

46.

Turns occur each December, May and August and last approximately three weeks each.

47.

During each turn, Cardinal required Bennett to make repairs to apartments and otherwise prepare them for new students and those returning at the start of the next academic term.

48.

Bennett regularly worked at least 60 hours per work week during each turn.

49.

During each August turn, Bennett regularly worked 95 hours per week.

## COUNT I - FAILURE TO PAY OVERTIME

50.

The allegations in all previous paragraphs are incorporated by reference as if fully set out in this paragraph.

51.

At all times material hereto, Bennett has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

52.

During his employment with Cardinal, Bennett regularly worked in excess of forty (40) hours each week.

53.

Cardinal failed to pay Bennett at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2012 through January 9, 2015.

54.

Cardinal willfully failed to pay Bennett at one and one half times his regular rate for work in excess of forty (40) hours in any week from July 2012 through January 9, 2015.

55.

Bennett is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

56.

As a result of the underpayment of overtime compensation as alleged above, Bennett is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

57.

As a result of the underpayment of overtime compensation as alleged above, Bennett is entitled to his litigation costs, including his reasonable attorney's fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff respectfully prays:

1. That Plaintiff's claims be tried before a jury;

2. That Plaintiff be awarded an amount to be determined at trial against Defendants in unpaid overtime compensation due under the FLSA, plus an additional like amount in liquidated damages;

3. That Plaintiff be awarded costs of litigation, including his reasonable attorneys' fees from Defendant; and

4. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

DELONG CALDWELL BRIDGERS
& FITZPATRICK, LLC

3100 CENTENNIAL TOWER
101 MARIETTA STREET
ATLANTA, GEORGIA 30303
(404) 979-3171
(404) 979-3170 (f)
kevin.fitzpatrick@dcbflegal.com
charlesbridgers@dcbflegal.com

/s/ CHARLES R. BRIDGERS
CHARLES R. BRIDGERS
GA. BAR NO. 080791

/s/ KEVIN D. FITZPATRICK, JR.
KEVIN D. FITZPATRICK, JR.
GA. BAR NO. 262375

COUNSEL FOR PLAINTIFF