## CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Settlement Agreement and General Release ("Agreement") is entered into by and between Donald Bennett, his heirs, estate, executors, administrators, personal representatives, successors, and/or assigns ("Bennett") and Cardinal Group Management and Advisory, LLC, its properties, affiliates, and subsidiaries ("Cardinal") (collectively the "Parties"). The Parties hereby agree as follows:

1. <u>Consideration</u>. In consideration for Bennett's release of any and all claims against Cardinal and its parents, owners, shareholders, partners, managers, and employees, his execution of this Agreement, and his compliance with the promises made herein, Cardinal will (1) pay Bennett $4,250, less withholdings and deductions, for lost wages, to be reported on a IRS form W-2; (2) pay Bennett $4,250 for liquidated damages to be reported on an IRS form 1099-Misc as box "three" other income, and (3) pay Bennett's lawyers, Kevin D. Fitzpatrick, Jr., $6,500 for attorney's fees and costs to be reported on an IRS Form 1099-Misc as box "three" other income. Bennett alone shall be responsible for all taxes and withholdings on those parts of the settlement amount. Bennett agrees to defend and hold harmless Cardinal from any and all penalties, taxes, assessments, withholdings or interest related to this payment that may be issued by any taxing authority. The foregoing payments shall be made within ten (10) days after the Court's approval of the settlement. Within three business days of Court approval of the Settlement Agreement, Plaintiff will file a Dismissal with Prejudice.

2. <u>No Consideration Absent Execution of this Agreement</u>. Bennett understands and agrees that he would not receive the benefits specified in Paragraph 1 above but for his execution of this Agreement and the fulfillment of the promises contained herein. Bennett agrees that the payment of the settlement sum made pursuant to this Agreement constitutes adequate consideration for this Agreement.

3. <u>General Release of All Claims</u>. Bennett knowingly and voluntarily releases and forever discharges Cardinal, its parent corporations, affiliates, subsidiaries, divisions, properties, owners, partners, shareholders, insurers, successors and assigns, and the current and former employees, officers, directors, shareholders, principles and agents thereof (collectively "the Releasees"), of and from any and all claims, known and unknown, Bennett has or may have as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Fair Labor Standards Act;

- Title VII of the Civil Rights Act of 1964; as amended

- Sections 1981 through 1988 of Title 42 of the United States Code; as amended;

- The Civil Rights Act of 1991;

- The National Labor Relations Act, as amended;

- The Labor Management Relations Act;

- The Employee Retirement Income Security Act of 1974, as amended;

- The Immigration Reform and Control Act; as amended;

- The Americans with Disabilities Act of 1990, as amended;

- The Occupational Safety and Health Act, as amended;

- The Georgia Equal Employment for Persons with Disabilities Code, as amended, O.C.G.A. § 36-6A-1 et seq.;

- The Georgia Equal Pay Act – O.C.G.A. § 34-5-1 et seq.;

- The Georgia Age Discrimination in Employment Act – O.C.G.A. § 34-1-2;

- The Georgia AIDS Confidentiality Act – O.C.G.A. § 24-9-47;

- The Georgia Equal Employment for Persons with Disabilities Code – O.C.G.A. § 34-6-1 et seq.;

- The Family and Medical Leave Act of 1993;

- The Workers' Adjustment and Retraining Notification Act, as amended;

- Equal Pay Act of 1963;

- The Rehabilitation Act of 1973;

- The Immigration Reform and Control Act of 1986;

- any claim for vacation, sick or personal leave pay or payment pursuant to any practice, policy, handbook or manual;

- any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

- any public policy, contract (express, written or implied), tort, or common law; or

- any allegation for costs, fees, or other expenses including attorney's fees incurred in these matters.

    4.    Acknowledgements and Affirmations. Bennett affirms he has not filed, caused to be filed, and presently is not a party to any claim, charge, complaint, or action against Cardinal in any forum or form, except for Civil Action 1:15-CV-02636 that is pending in the United States District Court for the Northern District of Georgia. Bennett affirms he has no known workplace injuries or occupational diseases.

Bennett agrees not to apply for employment with, or be employed by, Cardinal at any time in the future due to irreconcilable differences.

Bennett affirms that as of the date he signs this Agreement, he is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Nonetheless, if the Centers for Medicare & Medicaid Services (CMS) (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Bennett under this settlement, he agrees to indemnify, defend and hold Releasees harmless from any action by CMS relating to medical expenses of Bennett. Bennett agrees to reasonably cooperate with Releasees upon request with respect to any claim that the CMS may make and for which Bennett is required to indemnify Releasees under this paragraph. Further, Bennett agrees to waive any and all future actions against Releasees for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

5. **Confidentiality, Non-Disparagement and Return of Property.** Bennett agrees not to disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement and General Release, except to his spouse, tax advisor, and/or an attorney with whom he chooses to consult regarding his consideration of this Agreement and General Release. It is Bennett's duty to make sure such individuals do not disclose any information regarding the underlying facts leading up to or the existence or substance of this Agreement and General Release.

Bennett agrees not to make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame or disparage Cardinal, its employees, directors, managers, owners, and officers. Cardinal agrees that its officers, human resources department and Eddie Moreno will not make any statements, written or verbal, or cause or encourage others to make any statements, written or verbal, that defame or disparate Bennett.

Bennett affirms that he has returned all of Cardinal's property, documents, and/or any confidential information in his possession or control. He also affirms that he is in possession of all his property that he had at Cardinal's premises and that Cardinal is not in possession of any of his property.

In any action to enforce this Agreement, the prevailing party shall be entitled to reasonable attorney fees and costs.

6. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the State of Georgia without regard to its conflict of laws provision. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7. **Nonadmission of Wrongdoing.** Bennett agrees that neither this Agreement nor the furnishing of the consideration for this Release shall be deemed or construed at any time for

any purpose as an admission by Cardinal of any liability or unlawful conduct of any kind.

        8.    Costs and Attorneys' Fees. Each party to this Agreement shall bear its own costs and attorneys' fees.

        9.    Amendment. This Agreement may not be modified, altered or changed except upon express written consent of both Parties wherein specific reference is made to this Agreement.

        10.    Entire Agreement. This Agreement sets forth the entire agreement between the Parties. Bennett acknowledges he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to sign this Agreement, except for those set forth in this Agreement and the Conciliation Agreement.

        11.    Signatures. This Agreement may be signed in counterparts, each of which shall be deemed an original, but all of which, taken together shall constitute the same instrument. A signature made on a faxed or electronically mailed copy of the Agreement or a signature transmitted by facsimile or electronic mail will have the same effect as the original signature.

**BENNETT HAD A REASONABLE PERIOD OF TIME TO CONSIDER THIS AGREEMENT AND CONSULTED WITH AN ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

By: ___/s/ Donald Bennett___
    Donald Bennett

Date: __12·22·15__

For Cardinal Group Management and Advisory, LLC

By: ___[signature] VP of HR___

Date: __12/28/15__

4814-0363-6779, v. 1